```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-21927-Civ-JORDAN
                              MAGISTRATE JUDGE P.A. WHITE
Charles J. Eato,              :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
WALTER A. McNEIL,             :

     Respondent.              :
_____
```

## I. Introduction

Charles Eato, who is presently confined at the Miami-Dade County Jail Correctional Institution in Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number F03-2289A, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus with accompanying exhibits.

## II. Procedural History

On June 18, 2010 Eato was convicted after a jury trial of multiple charges. Eato was convicted of robbery with a firearm, armed burglary of an occupied dwelling, armed kidnaping, grand theft of an automobile and unlawful used of a communication device.

1

On June 4, 2010 Eato filed a petition for writ of habeas corpus.[1] His initial petition was handwritten and not in the proper form for pro se pleadings. Eato cited to Florida appellate rules as the basis for his petition. On June 18, 2010, this court directed Eato to file a petition in the proper form on or before July 18, 2010. On July 7, 2010 Eato filed the amended petition. His petition raises two grounds for relief.

### III. Statute of Limitations

In light of the lack of exhaustion the court will not address the statute of limitations applicable to a petition under 28 U.S.C. § 2254, other than to note that the limitations period is found at 28 U.S.C. § 2244(d)(1).

### IV. Exhaustion

Eato has completely failed to exhaust the claims raised in his petition. Eato was convicted on June 18, 2010 and the judgment of conviction was recorded on July 12, 2010. According to the Miami-Dade Clerk of Court's on line docket[2], Eato presently has a pro se motion for new trial pending with the trial court. Additionally, there is no indication that Eato has been sentenced on this conviction. No appeal has been filed. This conviction is not yet final.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[2] The online docket can be found at: http://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx

U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in State court in a procedurally correct manner. Id. Moreover, the habeas applicant must have presented the State courts with the same federal constitutional claim that is being asserted in the habeas petition. "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. at 275-77. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337 (11th Cir. 2007) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

Eato has not yet appealed his conviction. In fact his

conviction is not yet ripe for appeal in light of his motion for new trial and a lack of sentencing.  In short Eato's petition before this court is premature.  Eato still has an opportunity to present proper claims to the State courts.  The State courts have not yet been given an opportunity to address any claims Eato may raise.  Until such time as the State courts have reviewed these claims Eato is not entitled to relief in this court.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed without prejudice.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 4th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Charles J. Eato, Pro Se
      Jail #030006615
      Miami-Dade County Jail
      1321 N.W. 13th Street
      Miami, FL 33125